IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 120-104 |
| | ) | |
| WHITNEY ADWAN MACK | ) | |

_____

**O R D E R**
_____

In consideration of the oral motion made by defense counsel at the initial appearance and arraignment, the Court **GRANTS** an extension of time for filing Defendant's pretrial motions.  All pretrial motions are to be filed within thirty days of the date of arraignment.  The government shall have fourteen days to respond to any defense motion, except that in multiple-defendant cases the government may file a joint response within fourteen days after all defense motions have been filed.  Furthermore, any motions by the government related to pretrial discovery must be filed at the time of the government's joint response to defense motions.  Counsel shall file a separate motion for each relief sought and not file a consolidated motion.

The Court finds, as a matter of fact and law, that the extended motions period given herein is not for the purpose of delay, but in the furtherance of justice, and to protect Defendant's right to a fair trial given the timing and volume of discovery produced by the government.  The Court also finds that the extension is for the purpose of allowing reasonable time necessary, assuming the exercise of due diligence, for the effective preparation of defense counsel.  Therefore, pursuant to 18 U.S.C. § 3161(h)(7), the Court finds that the ends of justice served by granting an extended motions period outweigh the best interests of the public and

Defendant in a speedy trial. The period of delay resulting from this extension - December 8, 2020, through and including January 7, 2021 - is excluded in computing the time within which the trial of this matter may commence.

Pretrial motions received by the Clerk outside the required period shall not be filed without leave of Court. Untimely motions will not be considered absent a showing of good cause for failure to file within the time set by the Court.

The government and defense counsel are reminded of their responsibility under Local Criminal Rule 16.1 to confer regarding discovery in this case. In light of the government's customary practice of providing liberal discovery, many (if not all) of the routine discovery motions filed by a defendant may be satisfied without the need for Court intervention. The Court will conduct a motions hearing to consider any unresolved motions. Prior to scheduling any such hearing, the Court will ask the parties to specify which motions (if any) remain in dispute.

Pursuant to the Due Process Protections Act, the Court confirms the government's obligation to produce all exculpatory evidence to Defendant pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and **ORDERS** it to do so. Failing to do so in a timely manner may result in consequences, including but not limited to exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or sanctions by the Court.

If the government intends to use at trial evidence of "other crimes, wrongs or acts" under Federal Rule of Evidence 404(b), it must comply with the Court's Local Rules regarding this type of evidence. Loc. Crim. R. 16.2; see also Loc. Crim. R. 12.3. If the government intends to use 404(b) evidence, its notice, in whatever form the government chooses to use, must be filed within twenty days after the arraignment and must outline in general form the

evidence to be offered and provide a memorandum of law stating the purpose(s) for which the evidence will be offered and case law supporting the government's position.

Unless otherwise instructed by the presiding District Judge, counsel are instructed to file all requests to charge and proposed voir dire questions at least seven days before jury selection. Counsel representing indigent clients must make their requests for witness subpoenas or writs for the production of prisoner witnesses at least ten work days before the evidentiary hearing or trial, whichever is applicable. Counsel's requests for witness subpoenas must articulate specific facts demonstrating both the relevancy and necessity of the requested witnesses' testimony. United States v. Rinchack, 820 F.2d 1557, 1566 (11th Cir. 1987).

Finally, defense counsel is reminded that dissemination of discovery material beyond that necessary to the preparation of the defense is prohibited by Local Criminal Rule 16.1. Any discovery material turned over to a defendant shall be maintained by that defendant and not further disseminated. Failure to comply with the terms of this Order regarding dissemination of discovery material may result in contempt proceedings.

SO ORDERED this 8th day of December, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA